**UNITED STATES of America,**
**Appellee,**

v.

**Carlos DELUNA, aka "Primo,"**
**Defendant,**

**Juan Moises, aka "Johnny Alpha,"**
**Defendant–Appellant.**

**Docket No. 01–1319.**

United States Court of Appeals,
Second Circuit.

May 10, 2002.

David M. Rody, Assistant United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Thomas F. Liotti, Law Offices of Thomas F. Liotti, Garden City, NY, for Appellant.

Present McLAUGHLIN, F.I. PARKER, SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said District Court be and it hereby is AFFIRMED.

Defendant-appellant Juan Moises ("Moises") appeals from a judgment of conviction entered on June 9, 2000, finding him guilty of conspiring to distribute cocaine in violation of 21 U.S.C. § 846, and a sentencing order entered by the district court on June 1, 2001, sentencing him to 240 months of imprisonment, five years of supervised release, and imposing a special assessment of $100.00.

Moises principally challenges his conviction on the grounds that (1) he was improperly convicted on the basis of circumstantial evidence and hearsay, (2) a coconspirator's guilty plea allocution was improperly admitted into evidence, and (3) his trial counsel was ineffective.

■ First, the alleged hearsay evidence was properly admitted as the statements of coconspirators under Rule 801(d)(2)(E) of the Federal Rules of Evidence. Although the district court did not make express findings as to the statements' admissibility (and nor did Moises request them), we "must assume on appeal that the trial judge was satisfied of the existence of a conspiracy ... [, and] the question becomes whether he had reasonable grounds to do so." *United States v. Geaney*, 417 F.2d 1116, 1119 (2d Cir.1969). In light of the substantial evidence of Moises's participation in a conspiracy provided by his coconspirators' testimony and corroborated by DEA seizures, passport records, airline records, and phone and pager records, we conclude that the district court had more than ample grounds on which to find the coconspirators' statements admissible.

■ Second, the guilty plea allocution of coconspirator Carlos DeLuna ("DeLuna") was properly admitted because (1) DeLuna was unavailable to testify as he would have invoked his Fifth Amendment privilege against self-incrimination, (2) DeLuna's guilty plea allocution was against his penal interest, and (3) the allocution possessed sufficient guarantees of trustworthiness. Fed.R.Evid. 804(b)(3).

Third, Moises cannot establish that his trial counsel was ineffective because he did not demonstrate (nor has he even argued) that his counsel's performance fell below an objective standard of reasonableness, and he has not shown that he suffered prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *United States v. Vegas*, 27 F.3d 773, 777 (2d Cir.1994).

Moises challenges his sentencing on the ground that the district court violated the holding of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), by making findings of drug quantity at sentencing. *Apprendi,* which was decided shortly after Moises's conviction, holds that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490, 120 S.Ct. 2348. *Apprendi* is not implicated here because the district court's drug quantity findings were not used to enhance Moises's sentence beyond the statutory maximum of twenty years. *United States v. White,* 240 F.3d 127, 136 (2d Cir.2001).

Lastly, the district court properly denied Moises's Rule 33 motion, filed approximately seven months after his conviction, because it was untimely. The "time limits [of Rule 33] are jurisdictional. If a motion is not timely filed, the district court lacks the power to consider it." *United States v. Dukes,* 727 F.2d 34, 38 (2d Cir. 1984).

We have considered Moises's other arguments and find them to be without merit.

For the reasons set forth above, the judgment of the district court is AFFIRMED.